UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERISH COATES,
        Plaintiff,

v.

ANTHONY WAYNE KAHN,

        Defendant.

_____/

Case No. 21-10944

Stephanie Dawkins Davis
United States District Judge

David R. Grand
United States Magistrate
Judge

**OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6), OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT PURSUANT TO
FED.R.CIV.P. 56 (ECF NO. 9)**

### I.   INTRODUCTION AND BACKGROUND

On April 27, 2021, Plaintiff Cherish Coates filed the present action against

Defendant Anthony Wayne Kahn.  Kahn is an attorney who attempted to collect a

debt from Coates on behalf of Smart Start School of Dental Assisting, Inc.

("SSDA").  The Complaint alleges several violations of the Federal Debt

Collection Practices Act ("FDCPA") and state laws governing Michigan's debt

collection practices.  (ECF No. 1).  In particular, Plaintiff claims that Defendant

made false statements to aid his debt collection efforts, did not disclose his identity

and purpose as a debt collector, and did not provide a validation notice as required

by law.  Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1)

1

and 12(b)(6) or in the alternative for Summary Judgment under Rule 56.

Defendant's Article III standing argument rests on the premise that Plaintiff cannot

demonstrate that she suffered an injury in fact.  Kahn argues that whether the court

dismisses Coates' claims based on lack of standing or based on his alternative

arguments for failure to state a claim or lack of a dispute of a genuine issue of

material fact, the complaint should be dismissed with prejudice.  (ECF No. 9,

PageID.63).  For purposes of her response, Plaintiff agrees that this court lacks

subject-matter jurisdiction and suggests that she may still have a path forward in

state court pursuant to the dissenting opinion in *TransUnion v. Ramirez,* 141 S. Ct.

2190 (2021).  (ECF No. 11, PageID.118).  As such, Plaintiff requests that the court

either remand the case to state court or dismiss it without prejudice in accordance

with Fed. R. Civ. P. 12(h)(3).  (ECF No. 11).

The court accepts the parties' concurrence that it does not have subject

matter jurisdiction over Plaintiff's federal claims and, for the reasons that follow,

finds that dismissal without prejudice is warranted.  Accordingly, Defendant's

Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is **GRANTED** and his

request to dismiss for failure to state a claim or alternatively for summary

judgment based on the lack of a dispute of a genuine issue of material fact are

**DENIED AS MOOT**.

## II.   ANALYSIS

As noted, the parties agree that the court lacks jurisdiction to decide this matter.  They disagree however, about the nature of the relief the court should grant, leaving only one issue for the court to decide.  That is, whether the proper course is for the court to remand the case, dismiss it with prejudice, or dismiss it without prejudice.

The court will first address the broader question of whether remand or dismissal is the appropriate course.  A district court must dismiss matters over which it lacks subject matter jurisdiction either upon motion pursuant to Rule 12(b)(1) or on its own accord under Rule 12(h)(3).  *See Beanstalk Innovation, Inc. v. SRG Tech., LLC*, 823 F. App'x 404, 408 (6th Cir. 2020) (noting that Rule 12(b)(1) is a defense and Rule 12(h)(3) is available to court regardless of whether raised in defense and also stating, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.") (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006)).  As to remand, 28 U.S.C. § 1441, provides in relevant part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where

such action is pending."  But "[i]f at any time before final judgment it appears that

the district court lacks subject matter jurisdiction, the case shall be remanded" back

to state court.  28 U.S.C. § 1447.[1]

The procedural posture of this case provides no basis for remand.  Defendant

did not remove this matter from state court pursuant to 28 U.S.C. § 1441 or any

other removal statute.[2]  Indeed, this case was never filed in state court.  The parties

have not cited any case, and the court is aware of none supporting the proposition

that a federal court can remand a case originating in federal court to state court.

More appropriately, where, as here, a federal court lacks subject-matter jurisdiction

over a matter, it must dismiss pursuant to Rules 12(b)(1) or 12(h)(3).  *Arbaugh*,

546 U.S. at 506; *see also Beanstalk Innovation, Inc.*, 823 F. App'x at 408.

Accordingly, the court will dismiss this matter.  Further, because Defendant filed

---

[1] The court may also remand matters stemming from certain administrative decisions.
*See Shelby Cty. Health Care Corp. v. Majestic Star Casino*, 581 F.3d 355, 373 (6th Cir. 2009)
("Where a district court determines that the plan administrator erroneously denied benefits [in an
Employee Retirement Income Security Act case], a district court may either award benefits to the
claimant or remand to the plan administrator.") (quotation marks omitted);  *see also Faucher v.
Sec'y of Health & Hum. Servs.*, 17 F.3d 171, 173 (6th Cir. 1994) (noting that 42 U.S.C. § 405(g)
authorizes district courts to review final decisions of the Secretary of Health and Human Services
regarding social security disability insurance benefits and remand where appropriate).  This
matter, however, did not originate in administrative proceedings, thus closing the door for
remand on those grounds.

[2] Defendant apparently filed a lawsuit against Plaintiff in state court on behalf of SSDA
on February 26, 2021, before Plaintiff filed the present action.  (ECF No. 9-4).  However,
Plaintiff filed a separate lawsuit against Defendant in this court.

the motion before the court pursuant to Rule 12(b)(1), the court finds that dismissal pursuant to Rule 12(b)(1), as opposed to Rule 12(h)(3), is warranted.

Turning to the question of whether to dismiss with prejudice or without, precedent mandates the latter.  It is well settled in the Sixth Circuit that "a dismissal for lack of subject matter jurisdiction does not operate as an adjudication on the merits for preclusive purposes." *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004).  Rather, when a dismissal is "jurisdictional in nature," it is "without prejudice." *Id.* at 523.  While defendant has also moved for dismissal pursuant to Rule 12(b)(6), the court need not, and in fact is procedurally foreclosed from addressing the merits of the claim where jurisdiction is lacking.  *See Arbaugh*, 546 U.S. at 506 ("when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety" as opposed to "when a court grants a motion to dismiss for failure to state a federal claim, . . . [and] generally retains discretion to exercise supplemental jurisdiction over pendent state-law claims") (citation omitted).  The court is dismissing this matter pursuant to the parties' agreement that the court lacks subject matter jurisdiction, which is not an adjudication on the merits for preclusive purposes.  *See Pratt*, 365 F.3d at 522.  Accordingly, dismissal without prejudice is proper.

**III.    CONCLUSION**

For the reasons discussed herein, the court will dismiss Plaintiff's claims without prejudice.  Because this matter is dismissed, Defendant's alternate grounds for dismissal or for summary judgment are rendered moot.  Consequently, Defendant's Motion to Dismiss under Rule 12(b)(1) is **GRANTED** and his motion to dismiss pursuant to Rule 12(b)(6) or in the alternative pursuant to Rule 56 is/are **DENIED AS MOOT**.  As such, Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Dated: March 29, 2022                    s/Stephanie Dawkins Davis
                                         Stephanie Dawkins Davis
                                         United States District Judge